UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEREK HAMPTON,

Plaintiff(s),

v.

NYE COUNTY, et al.,

Defendant(s).

Case No. 2:18-CV-1453 JCM (EJY)

ORDER

Presently before the court is defendant Nye County School District's ("defendant") motion to dismiss. (ECF No. 22). Plaintiff has not filed a response, and the time to do so has passed.

**I.     Background**

The instant action arises from defendant's alleged discrimination against plaintiff. (ECF No. 1). Plaintiff avers that defendant discriminated against him due to his gender in violation of Title VII. *Id.* Plaintiff applied for and was denied employment as either a fourth or fifth grade teacher at Floyd Elementary School ("Floyd"). *Id.* The purported reason that plaintiff was not hired was that his wife also taught fourth grade at Floyd, "and [Floyd] can't have married couples working together in the same grade level at the school." *Id.* at 3.

However, plaintiff notes that "there is no policy in the school district about married couples working in the same grade and in fact a married couple both taught [second] grade at Floyd . . . five years prior and currently there are other married couples working at Floyd[,]" including the acting/interim principal and his wife. *Id.* Allegedly, the acting/interim principal at Floyd "made a comment to a teacher that 'male teachers don't belong in an elementary setting,

they don't belong there.'" *Id.* Plaintiff contends that Floyd hired seven teachers between April and June of 2018, all of whom were white women. *Id.* at 4.

Plaintiff filed the instant action on August 7, 2018. *Id.* An early neutral evaluation ("ENE") was scheduled for February 1, 2019. (ECF No. 10). The parties were instructed to file a stipulated discovery plan and scheduling order by January 3, 2019. (ECF No. 11). Defendant attempted to schedule plaintiff's deposition before the ENE, but was unsuccessful. (ECF No. 22 at 2). During the parties' Rule 26 conference, defense counsel volunteered to prepare the discovery plan and scheduling order and reminded plaintiff that she would notice plaintiff's deposition for January 31, 2019. *Id.*

Although defendant offered to reschedule the deposition to a date prior to the ENE, plaintiff simply said that he could not take off work and would not make himself available for a deposition prior to the ENE. (ECF No. 22 at 2–3). Despite defendant's providing five dates prior to the discovery deadline, plaintiff refused to arrange a deposition for himself and his wife. *Id.* at 3. Finally, defendant noticed plaintiff's and plaintiff's wife's depositions for April 4 and 5, 2019, and the court granted a stipulation to extend discovery deadlines to accommodate those dates. *Id.*; (*see also* ECF No. 17).

The deposition-scheduling problems continued when, "[p]laintiff's counsel left a voice mail for defense counsel informing her that [p]laintiff and his wife would not appear for the April 4 and 5 depositions, but they would agree to appear on April 19, 20 and 21, which were Good Friday, a Saturday, and Easter Sunday." (ECF No. 22 at 4). The Easter weekend dates were unacceptable to both defendant and plaintiff's counsel. (ECF No. 18 at 2). Plaintiff's counsel then had "insurmountable problems communicating with his clients" and withdrew. (ECF No. 22 at 4); (*see also* ECF No. 18).

The April 4 and 5 depositions were vacated in light of the withdrawal of plaintiff's counsel. (ECF No. 22 at 2). Defendant tried to notice depositions of plaintiff and his wife for May 21, 2019. *Id.* at 4–5. Notices sent to plaintiff via certified mail were returned as unclaimed. *Id.* Although plaintiff's wife received notice of her deposition, she informed defendant that she

would not appear for her deposition. *Id.* at 5. Defendant had plaintiff's wife served—after several attempts—on May 20, 2019. *Id.*

Defense counsel traveled to Pahrump, Nevada, on May 19, 2019, in order to attend and conduct both depositions. *Id.* "Defense counsel did not receive any communications from [p]laintiff in any form." *Id.* Plaintiff did not appear for his deposition on May 20, nor did his wife appear for her deposition on May 21. *Id.*

On June 27, 2019, defendant Nye County School District ("defendant") filed a motion to dismiss for failure to prosecute. (ECF No. 22). On July 16, 2019, defendant filed a notice of plaintiff's failure to oppose the motion to dismiss. (ECF No. 23). Defendant mailed the notice to plaintiff, but defendant indicated in its August 12, 2019, addendum that the notice was returned as undeliverable. (ECF No. 25).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

First, the court acknowledges that petitioner is pro se after his attorney withdrew in April 2019. (ECF No. 20). Plaintiff has not appeared in the action since his attorney withdrew, and it does not appear that he has retained new counsel. Plaintiff has willfully and deliberately failed to participate in discovery by refusing to have his deposition taken. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *see also United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel."). Indeed, "*pro se* litigants in an ordinary civil case should not be

treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Ordinarily, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). The Ninth Circuit addressed dismissal of a pro se plaintiff's case under Local Rule 7-2 in *Ghazali v. Moran*. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit affirmed the district court and held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Id.* at 53.

However, the Ninth Circuit instructed district courts to "weigh several factors" before dismissing an action under LR 7-2(d). *Id.* These factors include: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The *Ghazali* factors weigh in favor of dismissal of this action. Unsurprisingly, this litigation is most expeditiously resolved and the court's docket is most effectively managed by dismissal. Whereas the defendant is invariably prejudiced by the drastic sanction of dismissal, his failure to respond or participate in this action precludes the court from considering the merits of the case. Further, the court finds that dismissal is more than appropriate in light of plaintiff's flagrant disregard for the discovery process and deliberate indifference to the prosecution of his case. Taken together, dismissal is appropriate in light of plaintiff's failure to prosecute his case.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 22) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff's claims be DISMISSED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED November 1, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**